1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC DARNELL JOY,<br><br>             Plaintiff,<br><br>    vs.<br><br>B. LASZUK, *et al*.,<br><br>             Defendants. | **Case No. 1:16-cv-01652-EPG-PC**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT** |

Plaintiff Eric Darnell Joy is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 1, 2016, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  Plaintiff's Complaint explains that he was subjected to inhumane conditions of confinement and was injured by another inmate when Defendants B. Laszuk, M. Valdez, M. Garcia, and T. Gonzalez, III failed to protect him.

The Court has screened Plaintiff's Complaint and finds that it fails to state a claim against any individual defendant because it does not link the actions of any particular defendant to the injuries alleged. While Plaintiff describes harsh and troubling conditions, he does not say what any defendant did to him or to put him in those conditions. The Court needs this information to determine if specific people violated Plaintiff's constitutional rights. This order

1    provides an explanation of the relevant law so that Plaintiff may amend his complaint with

2    further factual allegations. Plaintiff may file an amended complaint within 30 days.

3    **I.    SCREENING REQUIREMENT**

4        The Court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

6    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

8    that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

9    § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

10   paid, the court shall dismiss the case at any time if the court determines that the action or

11   appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12       A complaint is required to contain "a short and plain statement of the claim showing

13   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell*

16   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a plaintiff's allegations are taken

17   as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores,*

18   *Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To

19   state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state

20   a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret*

21   *Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

22   meeting this plausibility standard.  *Id*.  While factual allegations are accepted as true, legal

23   conclusions are not.  *Id*.

24   **II.   SUMMARY OF COMPLAINT**

25       The events at issue in the Complaint allegedly occurred at the California Substance

26   Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there in the

27   custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff

28   names as defendants two C/Os, B. Laszuk and M. Valdez, as well as Sergeant M. Garcia and

Lieutenant T. Gonzalez, III.

Plaintiff alleges that at some point both his hands and feet were shackled and he was restrained and prevented from going to the bathroom.  As a result, he urinated and defecated on himself twice.  After this incident, he was placed in inappropriate housing and was assaulted by another inmate.  Plaintiff sustained injuries to his head and face.  Plaintiff alleges that Defendants failed to protect him from this assault.  Plaintiff seeks monetary damages in the amount of $250,000.

## III.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that:  (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007), *quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal

connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183, *quoting Johnson*, 588 F.2d at 743.  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A.      **Adverse Conditions of Confinement – Eighth Amendment**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.  *See Toussaint*, 801 F.2d at 1107; *Hoptowit*, 682 F.2d at 1246-47; *Wright*, 642 F.2d at 1133.  "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets."  *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir.

2010); *Osolinski*, 92 F.3d at 938-39; *Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Hoptowit*, 682 F.2d at 1258. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. This Court has found that "placement of seriously mentally ill inmates in the harsh, restrictive and non-therapeutic conditions of California's administrative segregation units for non-disciplinary reasons for more than a minimal period necessary to effect transfer to protective housing or a housing assignment violates the Eighth Amendment." *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1099 (E.D.Cal. 2014).

Plaintiff's allegations that he was restrained and prevented from using the bathroom for an extended period of time are troubling and could give rise to an Eighth Amended violation. However, Plaintiff's complaint does not provide enough information, especially regarding who did what. If Plaintiff chooses to amend his complaint, he should describe what each defendant did to restrain him or prevent him from using the bathroom. Plaintiff does not explain which of the Defendants prevented him from going to the bathroom.

Plaintiff must also allege facts showing that the Defendants acted with deliberate indifference to his condition. In other words, he must explain how Defendants knew of his condition and then acted (or failed to act) in a way that showed conscious disregard of his condition. If Plaintiff chooses to amend his complaint, he should add allegations that clearly describe who was present when he was restrained and explain what role each defendant played.

### B.   Supervisory Liability

Plaintiff has named several correctional employees in the chain of command, without alleging that any of those employees personally acted against him. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the

supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no *respondeat superior* liability under [§] 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  If Plaintiff chooses to file an amended complaint, he should specify exactly what each Defendant did, when they acted (or failed to act), and what happened because of their actions (or failures to act).

### C.     **Failure to Protect – Eighth Amendment**

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates.  *Farmer,* 511 U.S. at 833.  A prison official violates this duty when two requirements are met.  *Id*. at 834.  First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm."  *Id*.  Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety."  *Id*. at 834, 839–40 (internal quotation marks omitted).  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  Deliberate indifference is "something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id*. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious."  *Id*. at 842.

The Court finds that Plaintiff has failed to state a claim under these legal standards because Plaintiff does not state any facts that demonstrate that any particular Defendant was aware of the risk and deliberately disregarded that risk.  Instead, Plaintiff names the two C/Os, a correctional sergeant, and a correctional lieutenant.  It is not clear from the Complaint what role any of them played in the attack that Plaintiff suffered.

If Plaintiff chooses to amend the Complaint, Plaintiff should describe the circumstances of the attack, *i.e.*, when it happened, where it happened, who was present, and what happened before, during, and after the attack.

### D.    <u>Retaliation</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68; *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff merely states that "I was improperly housed and was assault[ed] while I was on orientation because of staff retaliation." (Complaint at 3, ECF No. 1.)  This allegation, without more, is insufficient to state a claim for retaliation.

## IV.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file amended complaint within thirty days if he chooses to do so.

The Court will dismiss this complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above.  This amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what those defendants knew and what they did or failed to do to address the risk to Plaintiff.

Plaintiff should also describe how and when he was hurt and confined.

The amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  *Iqbal*, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, *Lacey v. Maricopa Cnty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **30 days** from the date of service of this order;

3.      If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01652-EPG-PC; and,

4.     If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **November 8, 2016**       /s/ _Erica P. Grosjean_
                                    UNITED STATES MAGISTRATE JUDGE