UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DARNELL JOY,<br><br>         Plaintiff,<br><br>    v.<br><br>B. LASZUK, et al.,<br><br>         Defendants. | **Case No. 1:16-cv-01652-EPG (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S FIRST MOTION TO EXTEND TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 8)<br><br>**90 DAY DEADLINE** |

Plaintiff is a prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2016, plaintiff filed a motion to extend time to file a first amended complaint. Plaintiff explains that he just received the Court's order, dated November 8, 2016, instructing him to file a first amended complaint because he recently transferred prisons and that his property, including his legal documents, are currently impounded while he undergoes orientation. Good cause having been presented to the court, IT IS HEREBY ORDERED that Plaintiff is granted ninety (90) days from the date of service of this order in which to file a first amended complaint.

Plaintiff also asks for the Court to appoint counsel to represent him in this case. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113

F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. The court thus construes Plaintiff's motion as a motion to request pro bono counsel.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Plaintiff's case does not demonstrate the exceptional circumstances required for the appointment of counsel. The Court cannot find that there is a likelihood that Plaintiff's claim will succeed on its merits because Plaintiff has yet to file a complaint that articulates the facts of his case.

Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **December 1, 2016**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE