| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DARNELL JOY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>B. LASZUK, *et al*.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01652-LJO-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF *WILLIAMS* DECISION**<br><br>(ECF No. 12, 13)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Eric Darnell Joy is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 11.) Defendants declined to consent to magistrate judge jurisdiction. (ECF No. 23, 26.)

On November 1, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) The Court screened Plaintiff's Complaint, and, finding no cognizable claims, granted Plaintiff leave to amend. (ECF No. 6.) Plaintiff filed a First Amended Complaint ("FAC") on March 23, 2017. (ECF No. 12.) The Court screened the FAC, and found a cognizable claim for unconstitutional conditions of confinement under the Eighth Amendment against Defendants Laszuk, Valdez, and Garcia, but dismissed all other claims and Defendants. (ECF No. 13.)

1

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and Defendants consistent with the order by the magistrate judge at the screening stage.

## I. *WILLIAMS v. KING*

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." *Id.* at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in *Williams*, this Court will recommend to the assigned district judge that he dismiss the claims and Defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. While factual allegations are accepted as true, legal conclusions are not. *Id*.

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the Complaint allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff names as defendants two correctional officers ("C/O"), B. Laszuk and M. Valdez, as well as I.S.U. Officer D. Rojas and Lieutenant T. Gonzalez, III.

On August 14, 2016, Plaintiff was placed on "potty watch," during which Plaintiff had very restricted movements and controlled bathroom facilities to determine if he had put contraband in his rectum. This watch lasted approximately 8 days. Plaintiff was placed in iron waist restraints and was "unable to use the bathroom properly." Plaintiff was compelled to urinate on himself and discharge feces on himself. At some point Plaintiff was told that "this is how they treat (niggers) aka African Americans." Plaintiff does not identify who allegedly told him this and it is unclear if this is a direct quote.

In a declaration signed by Plaintiff that is attached to the FAC, Plaintiff alleges that on August 20, 2016, Plaintiff asked C/O B. Laszuk to use the restroom.[1] At that time, Plaintiff was

---

[1] Plaintiff attaches a number of declarations to the FAC, each of which is in different handwriting.

3

denied permission to use the restroom for about 2 hours. Plaintiff had his hands and feet shackled. Plaintiff urinated on himself. The next day, at about 2:30 p.m., C/O M. Valdez and Sergeant M. Garcia also denied Plaintiff the use of the restroom, which caused Plaintiff to urinate on himself. The officers thought it was funny because it had happened the day before.

Plaintiff attaches correspondence regarding his inmate appeal. It appears that his appeal was denied at the first level in part because "a bindle of contraband was retrieved after you had a bowel movement while on Contraband Surveillance Watch."

Also at some point, Lieutenant T. Gonzalez told Plaintiff that "that was just the beginning for [Plaintiff and his] wife." Plaintiff attaches a declaration from Gustavo McKenzie saying that on August 15, 2016, Lieutenant T. Gonzalez stated "This is just the beginning for you and your wife."

Separately, Plaintiff alleges that he was victim of a violent assault. Plaintiff was called from his cell to report to the program officers. Plaintiff was not escorted, although he would typically have been escorted because he was still in orientation. On the way back from the office, Plaintiff was assaulted by another inmate. Plaintiff attaches what appears to be an affidavit from himself, which states that "prison officials conspired against me with other inmates to have me removed from general population, resulting in me being assaulted."

### IV. CONDITIONS OF CONFINEMENT CLAIM

**A. Legal Standards for Adverse Conditions of Confinement – Eighth Amendment**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other*

*grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Toussaint*, 801 F.2d at 1107; *Hoptowit*, 682 F.2d at 1246-47; *Wright*, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise —for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010); *Osolinski*, 92 F.3d at 938-39; *Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Hoptowit*, 682 F.2d at 1258. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

Under the Eighth Amendment's prohibition on cruel and unusual punishment, prison "[c]onditions must not involve the wanton and unnecessary infliction of pain," nor may they effect "serious deprivation of basic human needs." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Prison officials therefore have a constitutional duty to provide and maintain humane conditions of confinement—adequate food, clothing, shelter and medical care—and they must take reasonable measures to guarantee inmates' safety. *Hudson v. Palmer,* 468 U.S. 517, 526–27(1984). "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones[.]" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Rhodes,* 452 U.S. at

349). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes,* 452 U.S. at 347. At the same time, prison conditions must provide at least the "minimal civilized measure of life's necessities." *Id.*

A prisoner who alleges an Eighth Amendment violation must plead and ultimately prove two elements. "First, the deprivation must be, objectively, 'sufficiently serious.'" *Farmer,* 511 U.S. at 832 (citation omitted). Second, "a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health and safety." *Id.* at 834 (internal quotation marks and citations omitted). "Deliberate indifference" means a defendant knew about and ignored an excessive risk to inmate health and safety. *See Grenning v. Miller–Stout,* 739 F.3d 1235, 1239 (9th Cir.2014). "Whether an official possessed such knowledge is a fact subject to demonstration in the usual ways, including inference from circumstantial evidence. Knowledge of risk of harm can be inferred where that risk is obvious, but prison officials are not liable if they respond reasonably to that risk." *Id.* (internal quotation marks and citations omitted).

**B. Analysis of Adverse Conditions of Confinement – Eighth Amendment**

Plaintiff's First Amended Complaint alleges that he was put on "potty watch" for eight days, during which he was placed in waist restraints, prevented from using the bathroom properly, and was required to wait several hours to go to the bathroom after a request.

Under the law cited above, the Court finds that Plaintiff has alleged sufficiently harsh conditions to proceed past the pleading stage on this claim. The Court is not making a ruling at this time regarding whether the alleged conditions were unconstitutional. The facts alleged are adequate to allege a claim under the applicable law.

The Court will allow this claim to proceed against Defendants Laszuk, Valdez, and Garcia.[2] These are the individual defendants who forbade Plaintiff from using the bathroom for several hours. Plaintiff does not tie any of the other defendants to the contraband watch.

The Court does not find sufficient allegations against Defendant Gonzalez to state a claim of a constitutional violation against him. Plaintiff alleges that Defendant Gonzalez told Plaintiff "that this was just the beginning for me and my wife." Plaintiff does not describe any connection between Defendant Gonzalez and the contraband watch. Nor is Defendant Gonzalez's statement alone unconstitutional.

## V. FAILURE TO PROTECT CLAIM

### A. Legal Standards for Failure to Protect – Eighth Amendment

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Farmer,* 511 U.S. at 833. A prison official violates this duty when two requirements are met. *Id*. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." *Id*. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." *Id*. at 834, 839–40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is "something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." *Id*. at 842.

### B. Analysis of Plaintiff's Failure to Protect Claim

The Court finds that Plaintiff has failed to state a claim under these legal standards because Plaintiff does not state any facts that demonstrate that any particular Defendant was

---

[2] Plaintiff did not list Sergeant Garcia in the list of defendants, but did name him in the FAC's allegations. Construing the pleadings in favor of Plaintiff, given his *pro se* status, the Court will find a claim against Defendant Garcia. In the event that Plaintiff did not wish to name him, Plaintiff may choose not to serve Garcia with the FAC and inform the Court in writing that Garcia was not intended as a Defendant.

aware of the risk and deliberately disregarded that risk. As with his original complaint, Plaintiff fails to tie any specific person to this claim. He does not describe who made the decision to fail to escort him or who should have escorted him. Not only does this fail to tie the incident to a specific defendant, it fails to demonstrate that a specific person acted with deliberate indifference, rather than mere negligence, in failing to provide an escort at this time.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants, except for Plaintiff's claim for unconstitutional conditions of confinement under the Eighth Amendment against Defendants Laszuk, Valdez, and Garcia, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 8, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE