1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC DARNELL JOY,                      Case No. 1:16-cv-01652-LJO-EPG (PC)

12              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS
                                            THAT DEFENDANTS' MOTIONS FOR**
13        v.                                **SUMMARY JUDGMENT BE GRANTED**

14   B. LASZUK, *et al.*,                    (ECF Nos. 38, 39)

15              Defendants.                  **OBJECTIONS DUE WITHIN TWENTY-
                                            ONE (21) DAYS**
16

17

18   **I.      BACKGROUND**

19        Eric Darnell Joy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

20   in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing

21   this action on November 1, 2016. (ECF No. 1). On March 23, 2017, Plaintiff filed a First

22   Amended Complaint. (ECF No. 12). This action is proceeding on claims against B. Laszuk, M.

23   Valdez, and Sgt. M. Garcia ("Defendants") for adverse conditions of confinement in violation of

24   the Eighth Amendment as alleged in the First Amended Complaint ("FAC"). (ECF Nos. 12, 36,

25   40).

26        On December 18, 2017, B. Laszuk and M. Valdez filed a motion for summary judgment

27   for failure to exhaust available administrative remedies before filing suit.  (ECF No. 38).

28   Defendant M. Garcia also filed a motion for summary judgment for failure to exhaust

                                            1

administrative remedies on December 18, 2017.  (ECF No. 39). Plaintiff has not filed any opposition to the motions for summary judgment. (ECF No. 46).

The motions for summary judgment are now before the Court.  After consideration of all the materials presented, as well as the applicable law, the Court will recommend that Defendants' motions for summary judgment be granted, and this action be dismissed.

## II.     MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1172 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted").  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

If a party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff.").  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322.

"Once the moving party meets its initial burden, the non-moving party must 'go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.''" *Burch v. Regents of Univ. of Cal.*, 433 F.Supp.2d 1110, 1125 (E.D. Cal. 2006) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), citing *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (quoting *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 258 (1983)).

## III.    STATEMENT OF UNDISPUTED FACTS

Plaintiff has failed to oppose the motions for summary judgment. Accordingly, the Court will consider Defendants' assertions of fact as undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2); Local Rule 230(l), 260(b).

Plaintiff was a prisoner incarcerated with the California Department of Corrections and Rehabilitation ("CDCR"). On August 14, 2016, Plaintiff was put on "potty watch" due to suspicions that he had received a controlled substance during a visit with his wife. (ECF No. 12). On August 20, 2016, Plaintiff asked Defendant Laszuk to use the restroom, but Laszuk denied the request, causing Plaintiff to urinate on himself. *Id.* On August 21, 2016, Defendants Valdez and Garcia also denied Plaintiff use of the restroom, causing him to urinate on himself again. *Id.*

CDCR provides its prisoners with a comprehensive administrative appeals process by which prisoners may appeal any decision, action, condition, policy, or omission made by CDCR or its staff that the prisoner believes has had a material adverse effect on their welfare. Zamora Decl. ¶ 3, (ECF No. 38-5 at 1); Voong Decl. ¶ 3, (ECF No. 38-4 at 1). The non-healthcare appeals process has three levels, and a final decision at the third level exhausts administrative remedies. (ECF Nos. 38-4 at 1, 38-5 at 2).

Plaintiff filed three administrative appeals between August 20, 2016 and November 1, 2016: Appeal Log No. 16-03729, Appeal Log No. 16-04287, and Appeal Log No. 16-04319. (ECF No. 38-5 at 3). Defendants represent that only one of these appeals— Appeal Log No. 16-03729—related to this matter. On August 29, 2016, Plaintiff filed Appeal Log No. 16-03729. *Id.* at 12. Plaintiff alleged that in August 2016, he was improperly placed on contraband surveillance watch ("CSW"), and Laszuk, among others, denied his requests to use the bathroom, causing him to urinate on himself. *Id.* at 12-13. Plaintiff requested that all involved CDCR staff be "held fully accountable." *Id.* at 12.

CDCR staff reviewed Appeal Log No. 16-03729 both as a custody appeal and as a staff complaint. *Id.* at 4. The custody appeal portion of Appeal Log No. 16-03729 was denied in a response dated September 16, 2016. *Id.* at 14-15. The reviewers reasoned that since Plaintiff had a bindle of cigarettes on his person, the placement in CSW was proper, and denied Plaintiff's request that staff be held accountable. *Id.* At the conclusion of the response, the reviewers stated, "If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form." *Id.* at 14.

CDCR responded to the staff complaint portion of Appeal Log No. 16-03729 on January 12, 2017. *Id.* at 9. CDCR partially granted Plaintiff's appeal at the first level in that an investigation into staff conduct was undertaken. *Id.* The response also stated, "If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the third level, your administrative remedies will be considered exhausted." *Id.* at 10. Plaintiff did not pursue either part of Appeal Log No. 16-03729 to the second level. *Id.* at 4.

## IV.  DISCUSSION

### A.  Exhaustion of Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

"The California prison grievance system has three levels of review; a prisoner exhausts administrative remedies by obtaining a decision at each level."  *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)); s*ee also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent.  The third level of review exhausts administrative remedies . . . .").  Prisoners must submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). "If, however, a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (citing *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010).

The exhaustion requirement applies to all prisoner suits relating to prison life.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint."  *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 136 S.Ct. 1850,

1857, 1859 (2016).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). However, "a prisoner exhausts 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore [a] procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658.

"Under the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.' *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir.2010) (quoting *Griffin*, 557 F.3d at 1120). The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' *Griffin*, 557 F.3d at 1120. The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Reyes*, 810 F.3d at 659.

On a motion for summary judgment for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166

If the Court concludes that Plaintiff has failed to exhaust as to some claims but not others, the proper remedy is dismissal of the claims barred by section 1997e(a). *Jones*, 549 U.S. at 223–24.

## B. ANALYSIS

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to the allegations in this action. Plaintiff filed one grievance related to this incident, but failed to

appeal it to the second and third levels.

Defendants represent that Plaintiff submitted only one appeal concerning the subject matter of this action during the relevant period: Appeal Log No. 16-03729. On August 29, 2016, Plaintiff filed Appeal Log No. 16-03729, alleging that he was improperly placed on CSW, and that Defendant Laszuk denied his requests to use the bathroom, causing him to urinate on himself. The appeal was reviewed as both a custody appeal and as a staff complaint. The custody appeal portion of the appeal was partially denied on September 16, 2016. The staff complaint portion was partially granted on January 12, 2017, and an investigation into staff conduct was undertaken. Plaintiff did not pursue either part of the appeal to the second level.

Thus, based on the evidence before the Court, Plaintiff did not exhaust his administrative remedies with regard to the subject matter of this action. Defendants are entitled to judgment as a matter of law, as there is no genuine dispute as to any material fact. Accordingly, this Court recommends that Defendants' motions for summary judgment be granted, and this action be dismissed.

## V.      CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendants B. Laszuk, M. Valdez, and Sgt. M. Garcia's motions for summary judgment, (ECF Nos. 38, 39), be GRANTED, and this action be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections.

\\\

\\\

\\\

\\\

1    The parties are advised that failure to file objections within the specified time may result

2    in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

3    (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5    IT IS SO ORDERED.

6    Dated:   **May 11, 2018**                        /s/ *Erica P. Grosjean*
                                                      UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28